UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PRIVATE INVESTORS
EQUITY, LLC,

                Plaintiff,                  Civil No. 04-89-HA

    v.                                     ORDER

TRAFALGAR INSURANCE
COMPANY, LTD.; INTERNATIONAL
CREDIT & MERCANTILE, INC.;
WENDELL CLEMONS; and P. MARC
SANDLIN,

                Defendants.

HAGGERTY, Chief Judge:

Before the court is Plaintiff's Motion for Sanctions Against Defendants Wendell Clemons, Trafalgar Insurance Company, Ltd., and International Mercantile & Credit, Inc. for Failure to Comply with Court Order [120]. Oral argument was heard on October 6, 2006. For the following reasons plaintiff's motion is granted.

**BACKGROUND**

1   - ORDER

Plaintiff is suing defendant Trafalgar Insurance, its affiliate International Mercantile, and its principal Wendell Clemons (Clemons), for enforcement of a surety bond issued at plaintiff's request to secure a loan to Westminster Resources Group.

Plaintiff made numerous attempts to schedule Clemons' deposition; specifically, plaintiff noticed Clemons' deposition for May 17, 2006, and invited defendants to propose alternative dates if Clemons could not attend. Plaintiff was informed that Clemons would not attend, but defendants did not seek a protective order from the court, nor did Clemons appear on May 17. Plaintiff filed a motion to compel Clemons to submit to a deposition. On July 27, 2006 the court ordered that Clemons be present for his deposition on August 31, 2006 from 9:00 am until 5:00 pm in Portland. Plaintiff was ordered to pay travel expenses for Clemons in advance. The court stated that "failure to comply with this Order shall result in sanctions, possibly including awards of fees and costs and the entry of judgment." Clemons neither objected to the deposition nor sought a protective order. Clemons failed to appear for the scheduled deposition. Defendants' counsel did not contact plaintiff's counsel until 7:30 am on August 31 to inform plaintiff that Clemons would not be attending the scheduled deposition. Defendants claimed that Clemons' wrist injury, suffered in June, prevented him from traveling to Portland as ordered by the court. Clemons' counsel returned the uncashed check for travel expenses to plaintiff's counsel on August 31.

On September 1, 2006, plaintiff filed a Motion for Sanctions against Clemons, Trafalgar Insurance Company, and International Credit & Mercantile for failing to comply with the court's order compelling Clemons to appear for his deposition. Plaintiff is seeking Default Judgment against Clemons and the two corporate defendants, as well as attorney fees and costs related to

preparation for the deposition.  Plaintiff also asks the court to strike defendant's Answer to Plaintiff's Amended Complaint.

**DISCUSSION**

Fed. R. Civ. P. 37 permits judgment by default as a sanction for failing to submit to deposition or otherwise failing to comply with a discovery order.  However, before entering a default judgment against a defendant, the court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring dispositions of cases on their merits; and (5) the availability of less drastic sanctions.  *The Stars' Desert Inn Hotel v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997).

When a party has violated a court order, as is the case here, factors one and two weigh in favor of default judgment, while factor four cuts against case-dispositive sanctions.  *Valley Eng'rs, Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).  Therefore, "the key factors are prejudice and the availability of lesser sanctions."  *Hwang*, 105 F.3d at 524.

Failure of a party to make itself available for deposition prejudices the opposing party. *Hwang*, 105 F.3d at 525.  Clemons' failure to appear for deposition has seriously impaired plaintiff's ability to prepare for trial and its right to receive a decision on the merits of the case. These facts alone sufficiently establish the requisite prejudice to merit entry of default judgment against defendants. *See Hwang*, 105 F.3d at 525 (holding that plaintiff was prejudiced by defendant's failure to appear for deposition); *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (explaining that defendant's repeated failure to appear at scheduled depositions constituted an interference with the rightful decision of the case).

Before entering default judgment against defendants for failure to comply with a court order, the court must consider the impact of the sanction and the adequacy of less drastic sanctions. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2006). Here, the court specifically warned defendants of the possibility of default in its July 27 order. This warning in itself satisfies the requirement that alternative sanctions be considered by the court. *Id.* at 1229.  However, in addition to the specific warning given to defendants, the court has also considered the possibility of less drastic sanctions, and finds that default judgment is warranted in this case. Defendants intentionally violated a court order and did nothing to mitigate the violation. For example, defendants could have sought a protective order from the court or, at the very least, given notice to opposing counsel that Clemons had not traveled to Portland for the court-ordered deposition. Instead, defendants' counsel notified plaintiff's counsel less than two hours before the deposition was scheduled to begin that a wrist injury suffered by Clemons nearly two months earlier prevented him from attending the deposition. This behavior, coupled with defendants' earlier conflicts with plaintiff over scheduling Clemons' deposition, makes less drastic sanctions untenable.

Finally, before ordering a sanction of default judgment, the court must also find that a party's failure to appear for deposition is due to the willfulness, bad faith, or fault of the party. *Hwang*, 105 F.3d at 525. "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault warranting default." *Id.*  Clemons' failure to appear for deposition was clearly within his control, and defendants have offered no plausible explanation for why he failed to appear.  The court finds that the circumstances surrounding Clemons' failure to appear for deposition demonstrate the necessary willfulness to warrant a sanction of default judgment.

4   - ORDER

**CONCLUSION**

Plaintiff's Motion for Sanctions Against Defendants Wendell Clemons, Trafalgar Insurance Company, Ltd., and International Mercantile & Credit, Inc. for Failure to Comply with Court Order [120] is granted. Accordingly, the court strikes defendants' Answer to plaintiff's Amended Complaint, defendants are ordered to pay plaintiff's reasonable attorney fees and costs associated with Clemons' failure to attend his deposition, and Default Judgment will be entered as to all remaining defendants. Plaintiff shall file a proposed Default Judgment no later than November 13, 2006. Any objections to this proposed draft shall be filed by defendants no later than November 22, 2006.

IT IS SO ORDERED.

DATED this  24  day of October, 2006.

                                                /s/ Ancer L. Haggerty
                                                Ancer L. Haggerty
                                          United States District Judge